UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ALAN GIES,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:15-cv-00922 - JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

    Plaintiff Mark Alan Gies initiated this action by filing a complaint on June 17, 2015, seeking judicial review of the decision to denying his application for Social Security benefits. (Doc. 1) On June 19, 2015, the Court entered its Scheduling Order, setting forth the applicable deadlines. (Doc. 5)

    In the Court's Scheduling Order, Plaintiff was ordered to file an opening brief addressing "each claimed error" by the administrative law judge within 30 days of receiving Defendant's response to the confidential letter brief, if the parties did not agree to a remand administrative record. (*See* Doc. 5 at 2-3, explaining the applicable briefing deadlines.) Accordingly, Plaintiff was to file his opening brief in this action no later than March 18, 2016. However, Plaintiff failed to file an opening brief and has not filed a motion for extension of time from the Court.[1]

---

[1] The parties previously filed a stipulation for Plaintiff to have an extension of time to serve his confidential letter brief. (Doc. 11) Accordingly, any further amendment of the scheduling order "must be made by written motion," and the party seeking leave to amend the schedule must demonstrate good cause for the delay. (*See* Doc. 5 at 4)

1

     The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

     Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of the date of service of this Order why the action should not be dismissed for his failure to prosecute or to follow the Court's Order, or in the alternative to file an opening brief.

IT IS SO ORDERED.

Dated:   **March 21, 2016**              **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE